[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This sad matter comes to the court for determination of the arrearage. The case originated with the filing, pursuant to General Statutes 52-442a, 19-16, and 7-70, of an acknowledgment of paternity, on November 15, 1978, by which the defendant acknowledged himself to be the father of the minor child Frederick CT Page 3342 Mark Harris, born on October 1, 1978, to the plaintiff mother, then known as Claudette M. Harris. A proper affirmation was attached. A petition for support was filed by the named plaintiff on November 2, 1983. The matter came up for a hearing in geographical area 4 on December 13, 1983. Although the file indicates that the defendant appeared, no support order was entered, and the court, Higgins, J., continued the matter. It was subsequently continued four more times and then went off, with no order yet entered.
The matter was subsequently transferred to the judicial district. In August, 1989, the plaintiff brought a new petition for support. After several continuances, the undersigned, on January 5, 1990, entered an order for $65.00 per week current support for the minor child. On February 2, 1990, the undersigned allowed the $65.00 per week order to remain in effect, but found the defendant to suffer from depression.
The matter was then continued several additional times in attempts to obtain sufficient background to establish past due support. After several attempts to obtain past employment records and/or tax returns from the defendant, Family Support Magistrate Keller ordered the support enforcement division to obtain past tax returns and ordered the defendant to cooperate in this effort. The defendant executed the appropriate releases, which were forwarded to the Internal Revenue Service. In September, the I.R.S. disclosed that Mr. Sawyer had filed form 1040EZ for 1988, disclosing adjusted gross income of $12,637.00 for that year. He had not filed returns for 1986, 1987 or 1989.
The defendant suffers not only from depression but also from alcoholism. He testified that he is simply unable to remember his recent past, and that most of his adult life is a blur of disconnected incidents. From such recollections as he has, as well as records developed by the investigation by the support enforcement division, the court can piece together some of his history. Mr. Sawyer completed public high school in Watertown, Connecticut, in approximately 1963. He became an apprentice carpenter. He worked something over two years in that trade. Thereafter, he seems to have passed in and out of a variety of jobs. By the early 1980's he drifted into deep and debilitating alcoholism. It appears that the failure of the court to set a support order in 1983 may have been due to the difficulty of determining stable employment, and CT Page 3343 therefore a realistic support order. During the ensuing six years, the defendant spent much of his time on public assistance himself. He was under psychiatric care for his depression. He did work from time to time. He held a job as an ambulance driver (!) for about two years. He worked construction from time to time — he believes that was how he generated the reported income in 1988. In 1989, he completed a detoxification program and obtained employment with Frito-Lay, as a sales route driver. He worked for a base salary of $175 per week, plus commissions. At times, he was able to garner significant income. For example, the week ending August 19, 1989, he reportedly earned $746.19 in gross income. During each of the following four weeks, he grossed over $600. However, he was having great difficulty keeping up with the work. He worked 60 to 80 hours a week, which was significantly more than company experience indicated as necessary to complete his assigned work. Routine tasks took him much longer to complete than expected by the company. The combined pressure of long hours and dissatisfaction with his performance resulted in his resuming his drinking in mid-September. He missed work for several days, and was discharged by Frito-Lay.
He has failed to obtain employment since losing the Frito-Lay job. He was initially denied unemployment, but successfully appealed to the employment security appeals division. He failed to make payments under this court's January support order, and accrued a deficiency of $1,730 under that order.
There can be little doubt that both Mr. Sawyer's depression and his alcoholism are medical conditions that have, and continue, to severely impact his ability to earn and to support his family. His medical history, as well as his employment history, can be expected to factor adversely into his attempts to obtain employment.
Yet somehow, Mr. Sawyer has been able to survive these years. He has, on occasion, been capable of productive and even lucrative work. Although the Frito-Lay experience resulted in a fiasco, it would seem that in an environment of regular hours and limited pressure, he could function reasonably well. He was able to maintain sobriety for an extended period of time in 1989, and his depression, although serious, can be mitigated through medication. Although his problems remain serious, there is no justification for the total lack of support for his child, even during periods of CT Page 3344 significant income.
In determining past due support, the court is mandated to take into account the "financial ability of the respondent to pay". General Statutes 46b-215(e); see also General Statutes 46b-84(b) and 17-324(a); Colon v. Rodriguez, 2 S.M.D. 138, 139 (1988); Pare v. Cancel, 2 S.M.D. 111, 113, 128 (1988). The support arrearage must be computed in view of the defendant's ability to pay during the period covered by the computation. Huck v. Nadolny, 2 S.M.D. 144 (1988). In this case, however, the facts known are so sketchy and so inconsistent that computation of an arrearage with mathematic exactness is impossible. Augustus v. Augustus, 2 S.M.D. 32, 34 (1988), affirmed on appeal to Family Division (Mulcahy, J.).
Taking into account the available facts, the court will set the past due support, as of December 31, 1989 to be $10,000.00. Added to the deficiency on payment of the present order, the court finds the arrearage to be $11,737.00 as of September 19, 1990. The court orders an additional $5.00 per week on the arrearage, effective immediately. The previous order for immediate wage withholding is modified accordingly.
BY THE COURT HARRIS T. LIFSHITZ FAMILY SUPPORT MAGISTRATE